THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT L. GRAY, Defendant-Appellant.

First District (5th Division) No. 61486

Opinion filed February 27, 1976.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin and Robert B. Thompson, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant brings this appeal from a judgment in a bench trial finding him guilty of aggravated battery and sentencing him to a term of from one to three years. His only contention on appeal is that he was twice placed in jeopardy for the same offense.

In a prior divorce action, the court had issued a protective order enjoining defendant from striking, molesting and/or hitting his wife. He subsequently struck her with a gun and then shot her. An emergency petition was brought on behalf of his wife, asking that he be held in contempt of court. It appears that a hearing was held on this petition in which defendant was found to have been in wilful contempt and was sentenced to serve six months in the Cook County jail. In his contempt order, the trial judge first noted that defendant had been taken into custody and charged with the attempt murder of his wife, and then the order stated:

> "Both parties and their attorneys being in open court and the court having heard testimony of the litigants and witness and being fully advised in the premises finds that the court has jurisdiction of the parties and the subject matter hereto and further finds that the defendant is in willful contempt of this court for assaulting and shooting the plaintiff * * *."

Thereafter, he was indicted for aggravated battery and the attempt murder of his wife. His motion to dismiss on double jeopardy grounds was subsequently denied.

The sole issue presented for review concerns whether double jeopardy prohibits a criminal prosecution for acts that have previously been punished as an indirect criminal contempt.

Opinion

■ ■ Contempt can be either civil or criminal. (*People v. Gholson*, 412 Ill. 294, 106 N.E.2d 333.) A civil contempt is coercive in nature, designed to benefit a party to the litigation. (*Cook County v. Lloyd A. Fry Roofing Co.*, 13 Ill. App. 3d 244, 300 N.E.2d 830, *rev'd on other grounds*, 59 Ill. 2d 131, 319 N.E.2d 472.) The contemnor is said to hold the keys to his own cell in that he may purge himself of the contempt by obeying the court order. (*Sullivan v. Sullivan*, 16 Ill. App. 3d 549, 306 N.E.2d 604.) A criminal contempt, on the other hand, is punitive and the interest served is the protection of the judicial process. (*Kay v. Kay*, 22 Ill. App. 3d 530, 318 N.E.2d 9.) The contemnor is sentenced to a definite term and is unable to avoid the punishment by complying with the court order. (*Lloyd A. Fry Roofing Co.*) A criminal contempt may be direct if it is committed within the presence of the court, or indirect if proof of extrinsic facts are necessary to prove the contempt. (*McAdams v. Smith*, 25 Ill. App. 2d 237, 166 N.E.2d 446.) A direct contempt may be punished summarily (*United States v. Rollerson* (D.D.C. 1970), 308 F. Supp. 1014, *aff'd*, 449 F.2d 1000); whereas, an indirect contempt proceeding must satisfy due process safeguards (*People v. Javaras*, 51 Ill.2d 296, 281 N.E.2d 670).

In the instant case, the parties are in agreement that defendant was initially punished for an indirect criminal contempt. We are in accord with this view, because defendant was sentenced to a fixed term which he could not have avoided by compliance with any court order and because the acts occurred out of the court's presence. (See *Lloyd A. Fry Roofing Co.; McAdams.*) We are thus left with the determination of whether his subsequent conviction of aggravated battery constituted double jeopardy.

Prohibitions against a defendant being twice placed in jeopardy for the same offense are contained in the constitutions of both the United States and Illinois. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) The Federal prohibition has been held to apply to the States through the due process clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.

Double jeopardy would have no application in this case if we were to accept the State's position in its brief that contempt proceedings here were civil in nature, because it is a settled rule that as the double jeopardy prohibition applies only to criminal proceedings, a criminal prosecution would not be barred by a prior civil action.[1] (22 C.J.S. *Criminal Law* §240 (1961); *cf. People v. Kapande*, 23 Ill. 2d 230, 177

---

[1] In oral argument, the State agreed that defendant was punished for an indirect criminal contempt.

N.E.2d 825.) However, the United States Supreme Court in *Bloom v. Illinois*, 391 U.S. 194, 201, 20 L. Ed. 2d 522, 528, 88 S. Ct. 1477, has clearly held that criminal contempt is a criminal offense.

> "Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both. In the words of Mr. Justice Holmes:
>
> 'These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech.' Gompers ·v. United States, 233 U.S. 604, 610 (1914).
>
> Criminally contemptuous conduct may violate other provisions of the criminal law; but even when this is not the case convictions for criminal contempt are indistinguishable from ordinary criminal convictions, for their impact on the individual defendant is the same. Indeed, the role of criminal contempt and that of many ordinary criminal laws seem identical—protection of the institutions of our government and enforcement of their mandates."

Having recognized that criminal contempt is a criminal offense, we are left only with the determination of whether the "same" offense was twice punished in the instant case.

■■ For double jeopardy purposes, the test of whether the same offense is involved in both prosecutions is whether either trial would involve any significant elements of proof absent from the other trial. (*Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180.) There are two essential elements in all criminal offenses—(1) a voluntary act (Ill. Rev. Stat. 1973, ch. 38, par. 4—1); and (2) a mental state (Ill. Rev. Stat. 1973, ch. 38, par. 4—3). In the instant case, it is conceded by the State that the physical acts of shooting and striking with a gun supported the element of a voluntary act in both the contempt finding and the subsequent criminal conviction. Consequently, the only remaining issue is whether proof of a substantially·different mental element was required in both proceedings.

This precise double jeopardy question has been recently litigated in the Federal courts in *United States v. U. S. Gypsum Co.* (D. Colo. Dec. 10, 1975), 44 U.S.L.W. 2291, where the court held that double jeopardy barred a contempt petition for price fixing because of a previous indictment for the same conduct. The court, in holding that no proof of a substantially different mental element was required in either proceeding, stated as follows:

> "Since the contempt proceeding contains only one element, i.e.

wilful intent, which was not present in the [criminal] proceeding, [the] two offenses are the same for double jeopardy purposes within the meaning of the Blockburger test." 44 U.S.L.W. 2291. The court further held that:

"[T]he addition of the element of a wilful violation of a court decree * * * is not * * * sufficiently material or substantial to supersede the considerations of fairness and finality which form the basis of the double jeopardy bar." 44 U.S.L.W. 2291.

We are also in accord with the view expressed in *Gypsum* rejecting "the double jeopardy analysis which focuses on technical comparison of the elements of the two statutes rather than on the overwhelming similarities in the proof * * *." The record in the instant case reflects that the proofs adduced against defendant in both proceedings were overwhelmingly similar.

The State asserts, however, that defendant could not have been subjected to double jeopardy because the judge who found defendant guilty of contempt "was sitting only in the divorce action * * * [and] * * * had no jurisdiction over the [charge of aggravated battery]." This asserted lack of jurisdiction overlooks the fact that all circuit courts are courts of general jurisdiction. (Ill. Const. 1970, art. VI, §9.) The judge of the circuit court who held defendant in criminal contempt was equal in authority to those judges who try felony criminal cases and could have presided at a criminal trial for the same occurrence. While it is true that the contempt proceedings could not have resulted in a judgment that defendant was guilty of aggravated battery, the fact remains that he was twice punished for the same offense under the *Blockburger* test, because the elements of proof were substantially identical in both prosecutions. We do not believe that a mere disparity in punishments available for the two offenses restricts the application of the double jeopardy bar. See *e.g., Waller v. Florida,* 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184.

From our analysis of the applicable law, we are satisfied that the Fifth Amendment prohibition against double jeopardy is violated when conduct previously punished as an indirect criminal contempt is again sought to be punished as a substantive criminal offense.

Before finally passing on this cause, it is necessary to discuss the prior decisions which have permitted punishment of acts both as criminal offenses.

The Federal cases which have permitted the dual sanctions (*O'Malley v. United States* (8th Cir. 1942), 128 F.2d 676; *United States v. Rollerson; United States v. Mirra* (S.D.N.Y. 1963), 220 F. Supp. 361) are

easily distinguishable from the instant case. *O'Malley* involved a misrepresentation in open court while both *Mirra* and *Rollerson* concerned assaults by the contemnor on an officer of the court, committed in open court. In each of these cases, the contemnors were summarily punished, which distinguishes them from the instant case. The power of a court to punish for summary contempt was seen in *Rollerson* as crucial to a determination of the double jeopardy issue. That court cited *Abbate v. United States,* 359 U.S. 187, 199, 3 L. Ed. 2d 729, 79 S. Ct. 666, 673, for the proposition that the essential element of the double jeopardy prohibition was that "a person shall not be harassed by successive trials." No possibility of such successive trials could result from summary contempt proceedings, and the court reasoned:

> "[S]ince an adversary type proceeding does not precede the swift imposition of a summary contempt conviction, a criminal prosecution on a charge arising out of the contumacious conduct is the first trial type harassment to which the contemnor is made subject." 308 F. Supp. 1014, 1018.

In *United States v. Mirra,* another case involving a summary contempt, it was emphasized that:

> "It is important to note the distinction between the totally different procedure that is involved in the punishment of criminal contempt committed in the court's presence as against a criminal contempt committed against an order or decree of the court." 220 F. Supp. 361, 364 n. 8.

Thus, the Federal cases which have permitted dual punishment by summary contempt and criminal prosecution of the same acts are clearly distinguishable from the instant indirect contempt proceeding where defendant was forced to "marshal the resources and energies necessary for his defense more than once for the same alleged criminal acts." *Abbate,* 359 U.S. 187, 199.

Our research reveals only one Illinois case addressing the contempt-double jeopardy issue. In *People ex rel. Scott v. Master Barbers & Beauty Culturists Association,* 9 Ill. App. 3d 981, 293 N.E.2d 393, defendants were held in indirect criminal contempt of court for violating a restraining order prohibiting them from controlling prices of barber services despite the fact that they had previously been acquitted of criminal charges of assault and intimidation arising from the same incident on which the contempt citation was based. The instant case is perhaps distinguishable in that the court in *Barbers* found that "widely distinct elements were involved in the two proceedings" (9 Ill. App. 3d 981, 984) without elaborating on what those elements were; whereas, we have determined that substantially the same elements of proof were

required in both prosecutions in the instant case. In any event, the rationale of the *Barbers* holding that double jeopardy was not violated was based on the premise that "contempt is not a crime." (9 Ill. App. 3d 981, 984.) However, as pointed out in *Bloom,* contempt *is* a crime.

Based on our holding that the double jeopardy bar of the Illinois and United States constitutions is violated by a subsequent trial for conduct that had previously been punished as an indirect criminal contempt, the conviction of defendant for aggravated battery is reversed.

Reversed.

LORENZ, P. J., and BARRETT, J., concur.