THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIE HOLMES, Defendant-Appellee.

Third District   No. 76-417

Opinion filed October 20, 1977.

Edward Petka, State's Attorney, of Joliet (Kenneth A. Grnacek, Assistant State's Attorney, of counsel), for the People.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal by the State pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)) from an order of the Circuit Court of Will County granting a motion to dismiss the charge of armed violence on the ground of former jeopardy. The State contends that the prosecution of defendant for armed violence is not barred, under the facts in this case, on the ground of double jeopardy.

From the record it appears that on December 4, 1975, Joan Easter Holmes filed a complaint for divorce in the Circuit Court of Will County as against defendant Willie Holmes. Pursuant to the complaint for divorce, an injunction was issued by an associate judge of the circuit court, enjoining defendant from "accosting or molesting" Joan Holmes. On January 5, 1976, an emergency petition for a rule to show cause was presented on behalf of Joan Holmes, in which it was alleged that defendant had violated the injunction in that:

"* * * on January 3, 1976, at about 10:50 p.m., the defendant, Willie Holmes, came upon the residence of the plaintiff and fired a handgun at the plaintiff three or four times, at which time the plaintiff called the Joliet Police Department and the Joliet Police Department is presently investigating the case."

On January 6, 1976, a hearing on the petition filed by Joan Holmes was held in the circuit court and the plaintiff Joan Holmes was sworn and testified. It appears that defendant may also have been sworn and may have given testimony at that time. By agreement of the parties, however, the hearing on the Joan Holmes' petition was continued until January 20, 1976, to permit submission of the parties to a lie detector test which might be used as evidence at a hearing. The State's Attorney of Will County was not a party to the contempt hearing, and was not given notice of the filing of the petition for a rule to show cause or of the fact that a hearing was being held. On January 20, 1976, by agreement of the parties to the

divorce, the cause was "continued generally to be set on call or motion." On April 9, 1976, evidence was heard in the divorce case and the divorce was granted, with a decree of divorce entered on May 4, 1976. The issue of the violation of the injunction was never brought up again by either of the parties or their respective counsel, and no order was ever issued regarding the alleged contempt.

The record also shows that on January 7, 1976, defendant was arrested by the Joliet police for his alleged actions on January 3, 1976, and was charged with armed violence by a criminal complaint. On January 21, 1976, the State's Attorney of Will County filed an information, charging defendant with commission of armed violence, in violation of section 33A-2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 33A-2). On April 15, 1976, defendant filed a motion to dismiss the information based on section 114—1(a)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(2)), and article I, section 10 of the Illinois Constitution of 1970, as well as the Fifth Amendment of the United States Constitution, alleging that the contempt hearing held on January 6, 1976, had previously placed defendant in jeopardy for the same offense. The trial court at first denied defendant's motion, but thereafter, on July 14, 1976, granted defendant's motion to dismiss and concluded that the trial court was bound by the precedent established in *People v. Gray* (1st Dist. 1976), 36 Ill. App. 3d 720, 344 N.E.2d 683.

The sole issue presented for review is whether double jeopardy prohibits defendant's criminal prosecution for armed violence based upon the same acts which were previously the subject of a contempt hearing in the divorce action, as we have noted. The petition for leave to appeal had been granted in the *People v. Gray* case, referred to which had been decided in the appellate court, and in that case on appeal (*People v. Gray* (1977), 69 Ill. 2d 44) the Illinois Supreme Court affirmed the appellate court and determined, in the case involving similar issues to those presented in the instant case, that the appellate court properly dismissed the criminal action by reason of double jeopardy.

In the *Gray* case, a criminal prosecution had been instituted for aggravated battery and attempted murder after a finding and punishment for indirect criminal contempt. In that case, the defendant Gray struck his wife with a gun and then shot her. This violated a protective order in the divorce proceeding enjoining Gray from striking or molesting his wife. In that case the trial judge conducted a hearing on the wife's emergency petition that Gray be held in contempt of court for assaulting and shooting her. The court there found a willful contempt of court and Gray was sentenced to six months imprisonment.

Thereafter, Gray was indicted for aggravated battery and attempted murder of his wife based upon the same conduct. The trial court had

denied the motion to dismiss on the ground of double jeopardy and he was convicted of aggravated battery and sentenced to one to three years imprisonment.

As we have noted, the First District Appellate Court found that Gray had been placed twice in jeopardy for the same offense and reversed the criminal conviction. (36 Ill. App. 3d 720.) The supreme court of this State granted leave to appeal and affirmed the appellate court.

. It was pointed out in the supreme court decision that both the Fifth Amendment to the United State Constitution and article I, section 10, of the Illinois Constitution of 1970, protect persons from being placed twice in jeopardy for the same offense. The supreme court also stated that the test for determining whether two offenses are sufficiently distinguishable to permit imposition of cumulative punishment is to determine whether each requires proof that the other does not. If the offenses are the same for the purpose of barring consecutive sentences, they are necessarily the same for the purpose of barring successive prosecutions. The court also indicated that multiple successive prosecutions could not be instituted because of differences in detail in proof for the reason that it would undermine the fundamental basis fo the double jeopardy ban. The court pointed out that, in the *Gray* case, the "same evidence" test .makes manifest that the defendant was prosecuted, and punishment was sought, twice for the same offense.

The Illinois Supreme Court pointed out that the purpose of criminal contempt is identical to that of many of the other criminal laws, that is, specifically, to protect the institutions of government, and that the impact on the particular defendant is the same (*Bloom v. Illinois* (1968), 391 U.S. 194, 201, 20 L. Ed. 2d 522, 528, 88 S. Ct. 1477, 1482). The supreme court in the *Gray* case stated that defendant was tried and convicted a second time for the same conduct (striking and shooting his wife) in a proceeding which was deemed to be "criminal." The finding of criminal contempt and the conviction of aggravated battery constituted double trial and double punishment for the same offense. The court also rejected the contention that defendant's guarantee against double jeopardy could be defeated because the divorce court lacked jurisdiction to try offenses under the Criminal Code of 1961. The supreme court pointed out that two courts within one sovereign State may not place a person on trial for the same offense. Both the divorce court and the criminal court are courts of the same sovereign, the State of Illinois. In this connection, the State contends that the judge who sat in the divorce contempt matter was an associate judge who would not have had jurisdiction to try the felony case. The supreme court analysis clearly answers this contention, and emphasizes that the criminal contempt and aggravated battery charge involved the same offense, and that trial for the same offense in both the

divorce and criminal court violates the guarantees against double jeopardy.

It is emphasized, also, that in the instant case, the trial court did not conclude the proceeding involving the criminal contempt charge as against the defendant. There was no final determination of that charge by the circuit court, but the criminal contempt proceeding was instituted and some evidence was heard. As stated in *People v. Laws* (1963), 29 Ill. 2d 221, 224, 193 N.E.2d 806:

> "But where, as here, a case is heard without a jury, jeopardy attaches when the accused is subjected to a charge and the court has begun to hear evidence."

It is apparent, therefore, that jeopardy attached in the instant case when the trial court in the contempt proceeding began to hear the evidence, and the circumstance that defendant in the instant case was not punished in the contempt proceeding does not eliminate the double jeopardy determination of the Illinois Supreme Court in the *Gray* case. See also *People v. Hairston* (1970), 46 Ill. 2d 348, 358-359, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.

While the defendant in the instant case was enjoined from "accosting or molesting" Joan Holmes, and the defendant in the *Gray* case was enjoined from striking, molesting, and/or hitting his wife, we do not believe that this is a sufficient distinction to justify a conclusion inconsistent with the *Gray* opinion in the supreme court. In both cases a protective order was entered by the court which was violated by the respective defendants. On the basis of the supreme court decision in *People v. Gray,* to which we have referred, we believe we are bound to follow the precedent announced in that case and affirm the judgment of the Circuit Court of Will County.

The judgment of the Circuit Court of Will County is, therefore, affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.