640 P.2d 1183

Michael P. DAUGHERTY,
Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 13607.

Court of Appeals of Idaho.

Jan. 19, 1982.

Michael P. Daugherty, appellant pro se.

David H. Leroy, Atty. Gen., by Lynn E. Thomas, Sol. Gen., and Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

Two questions are presented by this case. First, does representation by the public defender of multiple defendants in a criminal prosecution violate a defendant's constitu-

tional right to effective assistance of counsel, absent a showing of facts indicating a possible conflict of interest among the defendants? Second, do separate judgments of conviction of burglary in the second degree and of grand larceny, relating to the same general set of events, violate a defendant's constitutional and statutory protection against double jeopardy? The district court answered both questions in the negative and dismissed an application for post-conviction relief. We affirm.

Michael P. Daugherty ("applicant") and two other defendants were charged with burglary in the first and second degree, and with grand larceny. All defendants, represented by attorneys employed by the public defender, initially pleaded not guilty to each charge at arraignment.

In a subsequent hearing, the court acknowledged receiving a letter, which is not in the record on appeal, in which the applicant apparently stated a desire to serve as his own attorney. After informing the applicant of his rights, and reviewing the charges, penalties and possible consequences of self-representation, the court authorized the applicant to represent himself and directed the public defender to serve as "standby counsel."

At a later hearing on a motion to suppress certain evidence, the public defender took an active role in the representation. After the court denied the suppression motion but prior to a trial, applicant moved through the public defender to change his plea to guilty of burglary in the second degree and grand larceny. Before accepting the plea, the court conducted an extensive colloquy with the applicant as to whether he made his plea knowingly, voluntarily, and with a full understanding of the consequences. The applicant stated the particular facts upon which his plea of guilty to both offenses was based. He also told the court that he had been given sufficient time to discuss his defenses with counsel, and that he did not want to spend any more time with the attorney. The court accepted the plea of guilty to each offense, and subsequently sentenced the applicant to concurrent terms of five and ten years in custody of the Idaho State Board of Correction.

While confined in the Idaho State Correctional Institution, the applicant filed on his own behalf an application for post-conviction relief, an affidavit in support of the application, and later an amended or supplemental application. After giving notice under I.C. § 19–4906(b), the district court entered its memorandum opinion dismissing the application without a hearing. This appeal followed.

I

Under I.C. § 19–4906(b) a district court may dismiss an application for post-conviction relief, following notice of intent to do so, if there is no material issue of fact. *E.g. Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975). The applicant contended in his amended application that he was denied effective assistance of counsel because the public defender represented multiple defendants in the case. In the record on appeal it appears that the applicant has alleged no facts to support his claim that a conflict of interest existed. The application raised no material issues of fact, and the district court properly treated the application as raising only questions of law, suitable for disposition on the pleadings and the record. *Cf. Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971).

A lawyer or law firm should consider carefully the potential for conflict of interest before representing multiple defendants in a criminal case. *See* American Bar Association, Standards Relating to the Administration of Criminal Justice, The Defense Function (1974). However, representation of multiple criminal defendants does not constitute a "per se" violation of the constitutional guaranty of effective assistance of counsel. *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978); *Roles v. State*, 100 Idaho 717, 719, 604 P.2d 731, 733 (1979). As the Idaho Supreme Court stated in *Roles*:

"Absent a showing that there was at least a possible conflict of interest be-

tween the co-defendants at the time the joint representation existed which may have inhibited the attorney's ability to act for the best interests of each co-defendant at all times during that representation, there is no basis for the defendant's claim that his sixth amendment right to effective counsel was abridged." 100 Idaho at 719, 604 P.2d 731.

*See also State v. Oldham*, 92 Idaho 124, 129, 438 P.2d 275, 280 (1968).

■ In the present case, the applicant represented himself, at least in part, and it is not clear that joint representation actually existed. However, in any event, the applicant has set forth no facts, beyond an allegation of joint representation and the bare assertion of conflict, to show a possible conflict of interest. The assertion of conflict, without any supporting facts, does not satisfy the *Roles* requirement of a "showing that there was at least a possible conflict of interest." To hold otherwise would be to establish a "per se" rule that the Idaho Supreme Court in *Roles* declined to adopt.

On appeal the applicant argues that the Idaho Supreme Court, in *King v. State*, 93 Idaho 87, 456 P.2d 254 (1969), imposed a burden on the state to prove that prejudice to the defendant, as a result of multiple representation, was "improbable." We find no such burden articulated in *King*. The court in *King* did observe that multiple representation is "quite relevant to the question whether a guilty plea was made voluntarily and understandingly." 93 Idaho at 92, 456 P.2d 254. However, the applicant on appeal does not urge this question, and our review of the record discloses that the district judge made a thorough inquiry before accepting the change of plea.

In our review of the record, we have also examined the general conduct of counsel for the applicant. We find nothing in the record raising a genuine issue as to whether the applicant was deprived of his right "to reasonably competent assistance of an attorney acting as his diligent, conscientious advocate." *State v. Tucker*, 97 Idaho 4, 8, 539 P.2d 556, 560 (1975). We conclude, on the record before us, that the applicant was not denied his constitutional right to the effective assistance of counsel.

## II

■ The applicant further contends that his conviction of burglary in the second degree and grand larceny violated the double jeopardy provisions of the Fifth Amendment of the United States Constitution, Section 13, Article I of the Idaho Constitution, and I.C. § 18–301. We deem the federal and state constitutional protections against double jeopardy to be coextensive. In this discussion we focus first on the constitutional issue, then on the statutory question.

The double jeopardy clause of the Fifth Amendment is applied to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In determining what constitutes the same offense, for Fifth Amendment purposes, we follow the rule expressed in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger* the United States Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. In a subsequent case, the Supreme Court stated that the *Blockburger* test "focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied. . . ." *Iannelli v. United States*, 420 U.S. 770, 785 n.17, 95 S.Ct. 1284, 1293 n.17, 43 L.Ed.2d 616 (1975).

In the present case, the *Blockburger* test is satisfied because the statutory elements of burglary in the second degree and grand larceny are different and require proof of different facts. Burglary is completed upon entry into a building with the intent to commit a felony. I.C. § 18–1401. Larceny, on the other hand, as defined at the time relevant to this case, does not require entry into any building, but is committed by

taking another's property with felonious intent. I.C. § 18–4601. Each crime requires proof of separate essential elements not required of the other. We conclude that the applicant's convictions do not violate the federal or state constitutional protections against double jeopardy.

 I.C. § 18–301 provides as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

The Idaho Supreme Court has held that this statute encompasses and enlarges the scope of constitutional protection against double jeopardy. *State v. Werneth*, 101 Idaho 241, 244, 611 P.2d 1026, 1029 (1980); *State v. Horn*, 101 Idaho 192, 197, 610 P.2d 551, 556 (1980).

The Idaho Supreme Court, in *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979), recently held that a defendant could be convicted of both burglary and rape, where the intent to rape represented the intent to commit a felony for the purpose of application of the burglary statute. In so holding, the court expressly rejected the view that two convictions under such circumstances would constitute double jeopardy under I.C. § 18–301. The court stated that although the rape and burglary arose out of the same incident, each was comprised of separate "acts" under I.C. § 18–301. *McCormick, supra*, 100 Idaho at 116, 594 P.2d at 154. In this appeal the applicant cites opposing cases from other jurisdictions, but the Idaho Supreme Court considered contrary authority in *McCormick*, and we deem the decision in *McCormick* to be controlling.

In the instant case, the applicant was convicted of burglary in the second degree and grand larceny, where the intent to commit larceny satisfied the element of intent for burglary. As noted above, the "acts" of burglary and larceny are different even though they may arise from the same general incident. *McCormick, supra* at 116, 594 P.2d 149; *see generally State v. Mooneyham*, 96 Idaho 145, 148, 525 P.2d 340, 343 (1974). We conclude that the judgments of conviction for burglary in the second degree and grand larceny are not inconsistent with I.C. § 18–301.

The district court's dismissal of the application for post-conviction relief is affirmed.

WALTERS, C. J., and SWANSTROM, J., concur.