449 So.2d 633 (1984)
STATE of Louisiana
v.
James Marvin HOPE.
No. 83 KA 1183.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*634 William J. Burris, Asst. Dist. Atty., Franklinton, for plaintiff-appellant.
Sam J. Collett, Jr., Bogalusa, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellee.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Defendant, James Marvin Hope, was charged by bill of information with having committed the crime of simple kidnapping in violation of LSA-R.S. 14:45. Prior to trial, defendant filed a motion to quash the bill of information on the ground that his prosecution would violate the double jeopardy clauses of the United States and Louisiana Constitutions. The trial court sustained the motion to quash and the state appeals.
FACTS:
Defendant, who was separated from his wife who had custody of the child, picked up their three year old daughter for his weekend visitation period. Defendant left *635 the state with the child and did not return until approximately five months later. Upon his return and after the child was returned to the custody of her mother, a rule was filed by his wife citing defendant to appear and show cause why he should not be held in contempt of court for violation of the visitation order previously issued by the court. After a hearing on the contempt rule, the defendant was found guilty of contempt and sentenced to ten days in jail. After serving that sentence, defendant was charged with simple kidnapping.
ISSUES:
In its appeal, the State contends that the trial court erred in sustaining the motion to quash the bill of information on the ground of double jeopardy and in its application of LSA-C.Cr.P. art. 596 in sustaining the motion to quash.
CIVIL OR CRIMINAL CONTEMPT?
At the onset, we must determine whether the contempt proceeding against defendant was civil or criminal. If the proceeding was civil in nature, trial of defendant on the kidnapping charge would not constitute double jeopardy. See: State v. Austin, 374 So.2d 1252 (La.1979).
In Austin, the court adopted the test set forth by the United States Supreme Court in Shillitani v. U.S., 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966), in determining whether a contempt proceeding is civil or criminal. Under Shillitani, the test is: "What does the court primarily seek to accomplish by imposing sentence?" 384 U.S. at 370, 86 S.Ct. at 1535. If the purpose of the sentence is to coerce, rather than to punish, then the proceeding is civil.
In Austin, the defendant was charged with criminal neglect of family in violation of LSA-R.S. 14:74. The defendant sought to have the prosecution dismissed on the basis of double jeopardy arguing that he had previously been found guilty of contempt of court for violating a child support order. The court concluded that the contempt proceeding was civil because the purpose of sentence was to compel compliance with the support order rather than to punish the defendant for his non-compliance. In reaching that conclusion, the court noted that the 30 day jail sentence was suspended by the trial court on the condition that the defendant pay past due child support and medical expenses.
Here, the primary purpose of the sentence was to punish defendant rather than to coerce him into complying with the visitation order. In addition to finding defendant in contempt, the trial court also ordered that defendant's visitation privileges be restricted and stated that the privileges would be extended again when defendant showed that he would comply with the court's orders. Unlike the defendant in Austin, defendant herein was not given a choice between complying with the court's orders or going to jail. While the ten day jail sentence may have had the effect of compelling defendant into complying with future court orders, its primary purpose was to punish defendant for his non-compliance with previous orders of the court.
DOUBLE JEOPARDY:
We must now determine whether trial on the kidnapping charge would expose defendant to double jeopardy.
Both the Louisiana and United States Constitutions prohibit placing a person twice in jeopardy for the same offense. LSA-Const.1974, Art. I, Section 15; U.S. C.A. Const. Amend. 5.
The test enunciated by the United States Supreme Court for determining whether two offenses are the same for double jeopardy purposes is whether each statute requires proof of an additional element which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This rule is embodied in LSA-C.Cr.P. art. 596.[1]
Louisiana uses both the "Blockburger" test and the "same evidence" test. *636 State v. Vaughn, 431 So.2d 763 (La. 1983). Under the "same evidence" test, if the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can only be placed in jeopardy for one. State v. Steele, 387 So.2d 1175 (La.1980). The "same evidence" test is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct. State v. Steele, supra.
The contempt charge of which defendant was convicted required proof that defendant willfully disobeyed a lawful order of the court. See: LSA-C.C.P. art. 224. The simple kidnapping charge required proof that defendant took the child out of the state, from the custody and without the consent of the legal custodian, with the intent to defeat the jurisdiction of the court. See: LSA-R.S. 14:45 A. (4).
The state contends that because the simple kidnapping charge required proof that the defendant took the child out of the state with the intent to defeat the jurisdiction of the court and the contempt charge did not require this evidence the two offenses are not the same under the "same evidence" test. It further argues that the "same evidence" test depends on the evidence necessary to convict and not the evidence introduced at trial.
We agree that the "same evidence" test depends on the evidence necessary to convict and not the evidence introduced at trial. State v. Doughty, 379 So.2d 1088 (La.1980). However, in State v. Steele, supra, the Louisiana Supreme Court held that where proof of the second offense would have been sufficient to convict the defendant of the first offense, the two offenses are the same under the "same evidence" test.
In the instant case, the evidence necessary to convict defendant of the first offense (contempt of court) would not have been sufficient to convict defendant of the second offense (simple kidnapping). The contempt charge only required proof that defendant willfully disobeyed a lawful order of the court. The simple kidnapping charge required proof that defendant took the child out of the state, from the custody and without the consent of the legal custodian, with the intent to defeat the jurisdiction of the court. However, the proof necessary to convict defendant of the simple kidnapping charge would have been sufficient to convict defendant of the contempt charge. We therefore conclude that the two offenses are the same under the "same evidence" test and that trial of defendant on the simple kidnapping charge would have the effect of placing defendant twice in jeopardy for the same course of conduct.
We therefore find no error on the part of the trial court in sustaining defendant's motion to quash.
CONCLUSION:
For the foregoing reasons, the judgment of the trial court sustaining defendant's motion to quash the bill of information is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.Cr.P. art. 596 provides:

"Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."