782 P.2d 40

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard CHENEY, Jr.,
Defendant–Appellant.**

No. 17311.

Court of Appeals of Idaho.

June 29, 1989.

Petition for Review Denied
Nov. 30, 1989.

William J. Brauner, Caldwell, for defendant-appellant.

Jim Jones, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WINMILL, Judge Pro Tem.

Richard Cheney was convicted in the magistrate division of the district court for Canyon County of driving an automobile while under the influence of alcohol. I.C. § 18–8004. For this offense, Cheney was fined $750, he was placed on probation for two years, and his driver's license was restricted for a period of 180 days. Cheney's conviction was affirmed by the district court on appeal. Appealing further, Cheney argues that his conviction should be reversed for two reasons. First, he contends that the state should not have been permitted to amend its complaint before trial without affording him an opportunity to prepare for what appeared to be new charges. Second, he submits that the evidence at trial was insufficient to support his conviction. For the reasons explained below, we affirm the district court's decision upholding Cheney's conviction.

The essential facts of this case are as follows. Early on the morning of July 20, 1986, Officers Angela Fannin and Gary Cram of the Caldwell City Police Department encountered Cheney's vehicle stopped at the corner of Seventeenth and Blaine Avenues in Caldwell. The automobile was parked on the wrong side of the street, facing south in the north-bound lane of Seventeenth Avenue. The vehicle's lights were on and the engine was running. Cheney was seated in the driver's seat of the automobile with his eyes closed and his head resting on his chest.

Fearing that Cheney may have had a heart attack, the officers approached the

vehicle and tried to awaken him. Officer Fannin knocked on the driver's window, but Cheney did not respond. Fannin then opened the driver's door and shook Cheney, who awoke, disoriented. The officer noticed a half-empty beer can propped between Cheney's legs.

The officers then asked Cheney to step out of his automobile. Cheney stumbled from the vehicle, apparently intoxicated. Noting a strong odor of alcohol on Cheney, the officers questioned him regarding his whereabouts that evening. Cheney responded that he was returning home from a friend's house. However, when asked about his present location, Cheney said that he was at a location approximately ten miles from the intersection. The officers then placed Cheney under arrest. He was administered a breathalyzer test which showed his blood-alcohol content to be between .15 and .16 percent. A pool of transmission fluid was found underneath Cheney's automobile when it was towed from the intersection.

Cheney pled not guilty to driving under the influence of alcohol, and a trial on this matter was set for April 21, 1987. On April 20, 1987, the prosecutor moved to amend the complaint against Cheney to reflect the state's intention of relying on the theory that Cheney was guilty of the offense of exercising actual physical control over his motor vehicle while intoxicated. I.C. § 18–8004(1). At trial, Cheney's attorney opposed the motion, arguing that he was unprepared to defend Cheney on the "additional" charge. The attorney asked for a continuance in order to prepare Cheney's defense. The trial court granted the state's motion to amend its complaint, and denied Cheney's motion for a continuance. The jury returned a guilty verdict against Cheney. The district court, in its appellate capacity, affirmed the conviction. This appeal followed.

We first note our standard of review. When reviewing a district court's decision rendered in that court's appellate capacity, we review the record before the magistrate independently of the district court's determination. *State v. Allison,* 112 Idaho 572, 733 P.2d 793 (Ct.App.1987). A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). We will not substitute our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). However, as to questions of law, we exercise free review. *Standards of Appellate Review in State and Federal Courts,* IDAHO APPELLATE HANDBOOK § 3.2.1 (Idaho Law Foundation, Inc. 1985). Depending upon the outcome of our review, we will either affirm or reverse the district court's appellate decision accordingly. *State v. Hayes,* 108 Idaho 556, 700 P.2d 959 (Ct.App.1985).

I

We first discuss Cheney's challenge to the magistrate's decision allowing the state to amend its complaint. Cheney submits that I.C. § 18–8004, commonly referred to as the Idaho DUI statute, creates two offenses: (1) "driving" under the influence of alcohol, drugs or other intoxicating substances; and (2) exercising "actual physical control" over a motor vehicle while under the effect of similar intoxicants.[1] Cheney contends that the magistrate abused her discretion by allowing the state to amend its complaint—prior to trial—by charging him not only with the crime of driving under the influence, but also with the crime of being in actual physi-

---

1. Idaho Code § 18–8004(1) reads:
   It is unlawful for any person who is under the influence of alcohol, drugs, or any other intoxicating substances, or who has an alcohol concentration of 0.10, as defined in subsection (4) of this section, or more, as shown by

analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

cal control of a motor vehicle while he was in an intoxicated state. Cheney submits that, as a result of the magistrate's decision, he was unprepared to defend himself at trial against the additional "charge" filed against him by the state, and that his motion for a continuance to prepare himself should have been granted.[2]

Based upon our review, we conclude, as a matter of law, that I.C. § 18–8004 does not create separate offenses. We have previously held that Idaho's DUI statute does not embody separate crimes for driving while under the influence and driving with a specified blood-alcohol content. *State v. Knoll*, 110 Idaho 678, 718 P.2d 589 (Ct.App. 1986). Rather, the statute provides for one crime with alternative methods of proof: violation *per se* by proof of blood-alcohol content in excess of .10 percent, or, alternatively, by proving with other circumstantial evidence that the defendant was driving under the influence of alcohol. *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct. App.1987). In *Knoll*, the defendant contended that the two methods of proof created separate offenses. Therefore, she argued that evidence of her blood alcohol content was inadmissible at trial on a complaint charging her with driving under the influence. However, in reaching our decision in that case we stated that, when construing the DUI statute, we were bound to give the language of the statute a sensible interpretation. *State v. Knoll*, 110 Idaho at 682, 718 P.2d at 593. By noting the exigencies inherent in establishing proof of intoxication, we construed the statute to contain only one offense, and held that evidence of Knoll's blood alcohol content was admissible at trial upon the complaint charging her with driving under the influence. *Id.*[3]

In the present case, we reach a similar conclusion. The language of the DUI statute states that it is unlawful to drive or to exercise actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substances. The statute does not, as Cheney suggests, list these conditions separately, as if each were an offense distinct from the other. We believe that "driving" and being in "actual physical control" of a motor vehicle are alternative "circumstances" under which the crime of driving under the influence may be charged. *Cf. State v. Banks*, 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987) (I.C. § 18–6101 lists six circumstances under which the crime of rape may be charged).[4] This appears to be a sensible interpretation of the DUI statute. We are bolstered in our opinion by the fact that the legislative history of the DUI statute does not recognize any distinction between driving and exercising actual physical control of a motor vehicle. *See* 1983 Idaho Sess. Laws (Ex. Sess.) ch. 3 § 1, p. 9–10.

▪ Furthermore, we are unpersuaded that Cheney was prejudiced by the state's decision to amend its complaint immediately before trial. Although Cheney argues that his defense at trial would have been entirely different if the state's complaint had been limited to charging him with driving under the influence, we fail to see such a distinction. By his own admission, Cheney points out that his defense to the DUI charge was that his automobile was inoperable at the time of his arrest. *See* II, *infra.* Arguably, this defense would be applicable in circumstances involving either driving under the influence or to being in actual physical control of a motor vehicle while intoxicated. Thus, regardless of how

---

2. We note that M.C.R. 3(d) permits the state to amend a misdemeanor criminal complaint by motion, "any time before the prosecution rests ...", so long as "no greater or *different* offense ... [is] charged." [Emphasis added.] The trial court may, in its discretion, grant the defendant a continuance, for good cause, under the circumstances. *Id.*

3. The current version of I.C. § 18–8004(1) is identical to I.C. § 49–1102, the statute in effect in 1983 and considered in Knoll's case.

4. In reaching our conclusion we emphasize that, when an individual is accused of "driving"—as opposed to being in "actual physical control" of—a motor vehicle while under the influence of alcohol, he or she need not be charged under the alternative circumstance. Obviously, exercising actual physical control of a motor vehicle is a necessary component of "driving" the vehicle for purposes of the DUI statute.

the state's complaint was worded, Cheney's defense would have been based upon the same set of circumstances as those he presented at trial. Without more, we fail to see how he was prejudiced by not being given a continuance to prepare his defense.

We therefore conclude that the magistrate did not abuse her discretion in granting the state's motion to amend its complaint against Cheney, and in her decision to deny Cheney a continuance to prepare his defense.

## II

▮ Next we consider Cheney's argument regarding the sufficiency of the evidence. Cheney points out that the jury found him guilty of driving while under the influence of an intoxicating beverage. However, Cheney contends that, at the time of his arrest, he was not driving his vehicle, but rather was sitting in the driver's seat with the automobile at a complete stop. Cheney submits that driving, as used in the DUI statute, should be construed as steering or in some way controlling a vehicle while it is moving. Furthermore, Cheney argues that, regardless of whether he was in actual physical control of the vehicle, the vehicle was not operable at the time of his arrest due to the loss of transmission fluid discovered when the vehicle was towed. Therefore, Cheney contends that the evidence adduced at trial was insufficient to convict him of the crime of driving under the influence or, in the alternative, of being in actual physical control of a motor vehicle in an intoxicated state.

We disagree with Cheney's contentions. As previously mentioned, Idaho's DUI statute prohibits any person from either driving or being in actual physical control of a motor vehicle in an intoxicated state. "Actual physical control" of a motor vehicle is defined by the statute as "being in the driver's position of the motor vehicle with the motor running or with the motor vehicle moving." I.C. § 18–8004(6). States with similar "actual physical control" statutes generally prohibit a wide variety of activity associated with operating a motor vehicle under the influence of alcohol, including acts in which the vehicle being driven was not moving. *See* Annot., *Operating Motor Vehicle While Intoxicated*, 93 A.L.R.3d 7, § 3(c) (1979). Thus, the purpose of such prohibitions is not only to deter individuals who have been drinking from actually driving their vehicles, but also to deter them from exercising *any* control over their vehicles while in an intoxicated state. *See State v. Ghylin*, 250 N.W.2d 252 (N.D.1977).

In a somewhat different context, our Supreme Court has recognized such a legislative purpose in the language of Idaho's implied consent statute, I.C. § 18–8002, which provides that any person in "actual physical control" of a motor vehicle is deemed to have consented to an evidentiary test for blood alcohol levels. *State v. Clayton*, 113 Idaho 817, 748 P.2d 401 (1988). In *Clayton* the Court held that a defendant, who was found slumped over the steering wheel of his parked automobile with the car's motor running and lights on, could be required to submit to a blood alcohol test. In explaining the legislature's purpose in defining "actual physical control" to include being in the driver's position of a vehicle with the motor running, the Court said:

> Anytime an intoxicated person assumes this position, the public safety and welfare may be threatened, should he determine to operate the vehicle. I.C. § 18–8002 was enacted to discourage the intoxicated driver from attempting to operate a motor vehicle and, as such constitutes a proper exercise of police power.

*Id.* at 819, 748 P.2d at 403. We conclude that this rationale underlies not only the expansive definition of "actual physical control" contained in our implied consent statute, but also the use of that same definition in the substantive criminal provisions of the DUI statute.

In the present case, the evidence at trial showed that, at the time he was discovered by police, Cheney was in the driver's seat of his automobile—asleep—with the lights on and the motor running. According to the uncontroverted testimony of Officers Fannin and Cram, Cheney stated that he

had been driving his automobile prior to his discovery and, by his own admission, fully intended to continue his journey home. Cheney was in "actual physical control" of his automobile, as that term is defined by the statute. Moreover, we believe that this is the type of behavior which the legislature intended to proscribe through the DUI statute. We fail to see how the automobile's stationary position reduced the danger associated with having Cheney behind the wheel.

Cheney suggests that we engraft an exception to the statutory definition so that a defendant could not be deemed to be in "actual physical control" of an automobile if his vehicle was inoperable at the time of his arrest. However, it is not necessary to reach this issue, since the evidence at trial did not support Cheney's contention. A review of the testimony reveals that, although the automobile had leaked a considerable amount of transmission fluid prior to being towed, there was no determination made as to whether the automobile could or could not be driven. Under these circumstances, it is not necessary for us to consider Cheney's argument that one cannot be in "actual physical control" of an inoperable vehicle.

We are also unpersuaded by Cheney's argument that the jury's verdict was inconsistent with the evidence presented at trial. Cheney points out that, although the jury was instructed regarding the actual physical control theory, the verdict form given to the jury stated that it was to determine whether Cheney was guilty of driving under the influence of an intoxicating beverage, guilty of inattentive driving, or not guilty. Cheney contends that, because the state chose to rely on the theory that Cheney was in actual physical control of the automobile, the jury was precluded from returning a verdict of guilty of driving under the influence of alcohol. We disagree. As stated above, the statute does not create separate offenses. Whether the jury concluded that Cheney was "driving" or exercising "actual physical control" over his vehicle, it could properly find him guilty of violating the DUI statute. We therefore conclude that the verdict rendered against

Cheney was consistent with the evidence adduced at trial.

The judgment of conviction, and the district court's appellate decision upholding that judgment, are affirmed.

WALTERS, C.J., and
SCHWARTZMAN, J. Pro Tem., concur.