787 P.2d 1151

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard CHENEY, Jr., Defendant–Appellant.**

**No. 17311.**

Supreme Court of Idaho.

Nov. 30, 1989.

## ORDER DENYING PETITION FOR REVIEW

The Appellant filed a PETITION FOR REVIEW on September 13, 1989, and supporting BRIEF on September 27, 1989, of the Opinion of the Court of Appeals issued June 29, 1989, 116 Idaho 917, 782 P.2d 40; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J., be, and hereby is, RELEASED.

BISTLINE, Justice, dissenting on Denial of Petition for Review.

*State v. Clayton (Matter of Clayton),* 113 Idaho 817, 748 P.2d 401 (1988), was a civil administrative proceeding for suspension of that defendant's license for refusing to submit to an evidentiary blood test for alcoholic' content.' I.C. § 18–8002(4); 113 Idaho at 818, 748 P.2d at 402. The case before us is a criminal DUI case. *Clayton* arose in Kootenai County; this case in Canyon County. Otherwise than as pointed out, the cases are indistinguishable on their facts. I write only in order to suggest the applicability of what I stated in *Clayton* with the view in mind of encouraging drivers in any state of inebriation to do as Clayton did and as Cheney did—bring the vehicle to rest and sleep it off:

There is an interesting aspect to this case [*Clayton* ] which is not addressed in the Court's opinion. Without doubt officer Mike Moser was absolutely in the right in checking out the whys and

wherefores of a parked motor vehicle one and one-half hours after midnight on (presumably) a cold winter night, the engine running and the apparent driver in a slumped position. The officer was equally in the right in the procedures which he took. In that regard the factual situation presented is reminiscent of that presented in *Ransom v. Garden City*, 113 Idaho 202, 743 P.2d 70 (1987), where the officer arrested the intoxicated driver, but in an exercise of poor judgment entrusted the keys to another intoxicated person who subsequently drove it and caused innocent people great injury.

My opinion in that case quoted approvingly from the opinion of Justice Shaw of the Florida Supreme Court. His remarks are worth repeating here:

> Assuming as we must in the posture of the case, that Willard was intoxicated, the deputy sheriff was faced with the purely ministerial alternatives of taking custody of Willard by an arrest or, with appropriate instructions and safeguards, placing him in the custody of a responsible person, such as a friend, family member, or commercial taxicab driver who could provide safe transportation and prevent injury to others. *The viable alternatives did not include leaving Willard behind the wheel of his vehicle where he posed an imminent threat to the public.*
>
> *Everton v. Willard* 468 So.2d 936 (Fla. 1985), quoted in *Ransom v. Garden City*, 743 P.2d at 80, 113 Idaho at 222.

At the same time as the arrest option is considered by an officer in the situation encountered by Mike Moser, equal consideration might be given to the probability that the driver, realizing his state of intoxication and his threat to the public, exercised good judgment in getting off the highway, as he had done. Far better that the driver did that than to have continued trying to make it home before he got arrested. In a proper circumstance an officer might consider the other options suggested by Justice Shaw, i.e., 'with appropriate instructions and safeguards, placing him in the custody of a responsible person, such as a friend,

family member, or commercial taxicab driver who could provide safe transportation and prevent injury to others.' For certain it is a judgment call as to which option should be taken. Drivers should not be discouraged from pulling over and sleeping it off when they recognize that they are too intoxicated, or somewhat intoxicated and drowsy, to remain in control.

*Matter of Clayton*, 113 Idaho at 820, 748 P.2d at 404 (emphasis in original).