822 P.2d 539

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Herman SMITH, Defendant–Appellant.**

**No. 18634.**

Court of Appeals of Idaho.

Nov. 20, 1991.

Stanton P. Rines, Jr., Kendrick, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent. James E. Leuenberger argued.

SUBSTITUTE OPINION

The Court's prior opinion dated October 30, 1991, is hereby withdrawn.

WALTERS, Chief Judge.

William Herman Smith entered a conditional plea of guilty to driving under the influence of an intoxicating substance. The dispositive issue on appeal is whether Smith's previous conviction and sentence for inattentive driving, arising from the same driving incident, barred the prosecution for DUI. Because we conclude that both offenses were based upon the same "act," we hold that I.C. § 18–301 prohibited their separate prosecutions. Accordingly, we reverse.

I

For purposes of this proceeding, we accept the following facts as true. Late in the evening of September 14, 1989, Officer John Roys noted Smith's vehicle travelling north on Rayburn Street in Moscow, Idaho. Roys followed the vehicle, observing it travelling very close to the curb line of the road, swerving suddenly to avoid striking a parked car, and then returning to the curb line. Roys watched this occur twice within a span of less than thirty seconds, and decided to stop and cite Smith for inattentive driving. When he walked up to Smith for identification and questioning, Roys detected the odor of alcohol on Smith's breath and saw that Smith's eyes were glassy and red-rimmed. He asked Smith whether he had been drinking, and Smith admitted he had. Smith refused to submit to a chemical test of his breath-alcohol content but agreed to perform a series of field sobriety tests. After administering the sobriety tests, and based upon the totality of his observations, Roys arrested and booked Smith for driving while under the influence of alcohol, a violation of I.C. § 18–8004. Roys also cited Smith for inattentive driving, a violation of I.C. § 49–1401(3).

On September 15, 1989, the state, through the Latah County Prosecutor's Office, filed a criminal complaint alleging that Smith had committed felony DUI pursuant to I.C. § 18–8004, by driving or being in

actual physical control of his vehicle while under the influence of alcohol. The complaint further alleged that Smith had pleaded guilty to at least two other DUI violations within the previous five years, invoking the enhancement provisions of I.C. § 18–8005(3). On September 19, 1989, Smith and the Moscow city prosecutor entered into a plea agreement: Smith pled guilty to inattentive driving, and the prosecutor agreed that the charge would not be used to establish a violation of the terms of Smith's probation on a previous, unrelated case. The magistrate accepted Smith's plea, convicted Smith and sentenced him to pay a fine of $308.[1]

On September 28, following a preliminary hearing, the magistrate issued an order binding Smith over to answer for the DUI charge. On that date the state, through the Latah County Prosecuting Attorney's Office, filed a criminal information formally charging Smith with felony DUI. Subsequently, Smith filed a motion in district court to dismiss the information on grounds of former jeopardy and for failure to allege a violation of I.C. § 18–8005(3). The district court denied the motion and Smith entered a conditional plea of guilty, expressly reserving his right to appeal the district court's ruling. I.C.R. 11(a)(2).

On appeal, Smith contends that the charges for DUI and inattentive driving were based upon the same act or conduct. He claims that his conviction for inattentive driving therefore barred the later prosecution for DUI under the statutory and constitutional protections against double jeopardy. Alternatively, Smith argues that the information charging him with felony DUI erroneously relied on a prior guilty plea that had been withdrawn and superceded by a plea of not guilty.[2] Because we conclude that the DUI prosecution violated the proscription of I.C. § 18–301 against successive prosecutions for the same act, we will not address the other issues raised in this appeal.

## II

■ Smith claims that the charge of inattentive driving,[3] which was based upon his erratic driving, and the DUI charge,[4] which was based upon his driving while under the influence of alcohol, arose from the "same act" for purposes of I.C. § 18–301. He argues that his conviction on the first charge barred the state from pursuing a subsequent proceeding to prosecute the second. We agree.

Idaho Code § 18–301 provides:

---

1. In order to prevent Smith from pleading guilty to the misdemeanor in a separate prosecution, the state could have combined the charges in a single criminal complaint containing both the misdemeanor and the felony counts, as provided by I.C.R. 8(a), which states:
   Joinder of offenses. Two (2) or more offenses may be charged on the same complaint, indictment or information and a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
   *See also Grady v. Corbin*, 495 U.S. 508, note 3, 110 S.Ct. 2084, 2088, note 3, 109 L.Ed.2d 548 (1990).

2. Upon accepting the subject plea of guilty, the court imposed a withheld judgment of conviction. When Smith fulfilled the terms and conditions of probation, the former guilty plea was withdrawn, a plea of not guilty entered, and the case was finally dismissed, pursuant to I.C. §§ 19–2601(3) and 19–2604(1).

3. Idaho Code § 49–1401(1) provides that,
   Any person who drives or is in actual physical control of any vehicle upon a highway, or upon public or private property open to public use, carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property ... shall be guilty of reckless driving....
   A charge of inattentive driving, a lesser offense than reckless driving, is applicable in those circumstances where the conduct of the operator has been "inattentive, careless or imprudent," in light of the circumstances then existing, rather than "heedless or wanton," or in those cases where the danger to persons or property by the motor vehicle operator's conduct is slight. I.C. § 49–1401(3).

4. The relevant portion of I.C. § 18–8004 makes it unlawful for any person who is "under the influence of alcohol" to "drive or be in actual physical control" of a motor vehicle.

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; *an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.*

Pursuant to this statute, a person cannot be subject to successive prosecutions for offenses which stem from the same act. *State v. Sensenig,* 110 Idaho 83, 714 P.2d 52 (Ct.App.1985). With the exception of the few cases involving the injury or death of a victim, recent decisions interpreting the term "same act" have involved the application of the statute's multiple punishment provision, rather than its successive prosecution prohibition. Thus, we will use the definition of the term employed in the multiple-punishment cases to determine the statute's application here.[5]

The applicability of section 301 depends upon whether a *separate* and *distinct* act can be established as the basis for each prosecution, regardless of whether the offenses require proof of differing elements. *State v. Werneth,* 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981); *State v. Ledbetter,* 118 Idaho 8, 794 P.2d 278 (Ct.App.1990). The term "act," as defined by the statute, refers to that term in its ordinary sense, but also includes a course of conduct of such a nature as to amount to a single act, that is, a course of conduct which does not consist of divisible transactions. *Compare Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (rejecting a single-transaction test for purposes of applying former jeopardy protection contained in the fifth amendment).

In determining whether a defendant's conduct is divisible into separate, distinct events, we employ a "temporal test"—a test of time.[6] *State v. Sterley,* 112 Idaho 1097, 739 P.2d 396 (1987); *State v. Chapman,* 112 Idaho 1011, 739 P.2d 310 (1987); *State v. Horn,* 101 Idaho 192, 610 P.2d 551 (1980); *State v. McCormick,* 100 Idaho 111, 594 P.2d 149 (1979). Under this test, if one of the offenses was completed prior to the commission of the second crime, then the two cannot be said to arise from the "same act," and the provisions of section 18–301 do not apply. *Sterley, supra; State v. Gallatin,* 106 Idaho 564, 682 P.2d 105 (Ct. App.1984). The divisibility of a transaction or course of conduct may also turn on the intent and objective of the actor; if all offenses are incident to one objective, all must be prosecuted in the same proceeding.[7] *State v. Major,* 111 Idaho 410, 725

---

5. However, we recognize that in order to further the distinct policies behind the two protections, the term "same act" used in the context of successive prosecutions *may* be broader than that used to determine the permissibility of cumulative punishments. *See In re Hays,* 70 Cal.2d 604, 75 Cal.Rptr. 790, 451 P.2d 430 (1969). In interpreting the double jeopardy clause of the fifth amendment, the United States Supreme Court has observed that successive prosecutions raise concerns that extend beyond merely the possibility of an enhanced sentence:

"The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.…"

*Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957) *quoted in Grady,* 495 U.S. at 518, 110 S.Ct. at 2091. Thus, even when a State may permissibly bring multiple charges against an individual, *see Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), a tremendous additional burden is placed on that defendant if he must face each of the charges in a separate proceeding. *Grady,* 495 U.S. at 519, 110 S.Ct. at 2091–92.

6. I.C. § 18–301 was not intended to prevent multiple prosecutions or punishments where more than one victim is involved. *State v. Lowe,* 120 Idaho 252, 815 P.2d 450 (1991).

7. This is not to say that the state may not *prosecute* a defendant for multiple offenses arising from the same act, so long as the charges are based on different facts and are brought in a single proceeding. Where the state obtains convictions on more than one of the charged offenses, however, the defendant may be punished for only one, and the others must be vacated. *See State v. Chapman,* 112 Idaho 1011, 739 P.2d 310 (1987); *Bates v. State,* 106 Idaho 395, 679 P.2d 672 (Ct.App.1984).

P.2d 115 (1986). *Cf. State v. Spurr*, 114 Idaho 277, 755 P.2d 1315 (Ct.App.1988) (where offense of battery of officer is deemed a fortuitous consequence of, and subsumed by, the general struggle involved in the offense of unlawfully resisting arrest, rather than event separated in time and place from the rest of the altercation, then section 18–301 would apply).

Under the facts of this case, we can discern no separate criminal intent or objective on the part of Smith to support a conclusion that the offenses represent separate and distinct acts. Nor can we find that each offense stemmed from acts separated by time. Rather, it is our view that the charges against Smith for inattentive driving and DUI were based upon one continuous and indivisible act of driving erratically, while under the influence of alcohol.

■ The state submits that Smith's conduct may be segregated into separate temporal events, the first being the act of erratic driving, supporting the inattentive driving charge; and the second being Smith's "subsequent act" of remaining in actual physical control of his vehicle while under the influence of alcohol, which occurred when the officer activated his flashing lights and caused Smith to stop his vehicle. We are unpersuaded.

The legislative purpose in making it a crime to drive while under the influence of alcohol is to protect citizens from the menacing acts of intoxicated drivers. The legislative intent in enacting the "actual physical control" portion of the statute is to apprehend the intoxicated driver *before* he can do any harm. Thus, where, as here, police stop a motorist who has been driving while under the influence of alcohol, it is clear that the more dangerous conduct which the legislature sought to prevent has already occurred. The motorist's continuing control over his stopped vehicle is not an additional event, but is merely incidental to his act of driving. The state cannot circumvent the mandate of I.C. § 18–301 by attempting to carve a defendant's single course of conduct into separate "temporal events."

For the reasons stated above, we reverse the district court's order denying Smith's motion to dismiss the information charging him with driving under the influence. Accordingly, the judgment of conviction also must be reversed.

SWANSTROM, J., concurs.

SILAK, Judge, dissenting:

The dispositive analysis in this case is whether, for purposes of I.C. § 18–301, Smith could be punished under both the inattentive driving statute, I.C. § 49–1401(3), and the DUI statute, I.C. § 18–8004. I disagree with the majority's emphasis on the intent and objective of Smith in performing the analysis required under I.C. § 18–301. In *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979), our Supreme Court explained the approach to be taken in deciding whether certain conduct could be punished as two separate offenses under section 18–301. The Court specifically rejected the rationale of a California case, *People v. McFarland*, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962), in which the California Supreme Court interpreted its state's analogue to section 18–301 as being dependent upon the intent and objective of the defendant, i.e., if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one. The *McCormick* court reiterated its adherence to a different approach, one more in keeping with past Idaho decisions. The burglary and rape crimes prosecuted in *McCormick* did not, the Court observed, have identical components. The burglary was complete when the defendant entered the premises with criminal intent, and the rape was complete when the defendant had intercourse with the victim. The Court held that although both crimes arose out of the same incident, each constituted separate "acts" under I.C. § 18–301.

*State v. Major*, 111 Idaho 410, 725 P.2d 115 (1986), is cited by the majority for the proposition that the divisibility of a transaction or course of conduct may also turn on the intent and objective of the actor. This statement from *Major* should be limited in

application, for the Supreme Court's opinion in *Major* noted that the intent and objective of the actor are of particular importance in cases of crimes of possession, which involve knowledge or awareness of control over something rather than an act or omission to act. Smith's conduct is clearly an "act" rather than a crime of possession; thus, the language of *Major* should not be controlling here.

The Supreme Court in *State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987), adopted a timing or sequencing test to determine whether conduct can be deemed a single or multiple act under section 18–301. If the acts comprising one crime are completed before the commission of the second crime, then the two crimes cannot be said to arise from the same act or transaction.

This case presents a more difficult application of the *Sterley* timing analysis because Smith conditionally pled guilty and there was no trial during which the state presented its theory of the I.C. § 18–8004(1)(a) offense; however, the record shows that the prosecution would have focused on conduct occurring after the completed acts upon which the inattentive driving conviction was based. Smith was charged by citation with the misdemeanor of inattentive driving for the following conduct:

> drove within 4 feet of the curb nearly striking parked cars twice. Location: Rayburn N of perimeter.

At the preliminary hearing and at the hearing on the motion to dismiss, the police officer who cited Smith for inattentive driving and who arrested him for DUI testified that he had observed Smith driving in an erratic manner on Rayburn Street. The officer observed Smith on Rayburn Street, then activated his overhead lights. After the officer activated the overhead lights to pull Smith over, Smith signaled for a left-hand turn onto Idaho Street, and the officer testified that for a period of approximately five seconds before the vehicle actually stopped, the officer did not observe any unusual characteristics in Smith's driving.

The criminal complaint and the criminal information charged Smith with violating I.C. § 18–8004 in the following manner:

> That the Defendant, WILLIAM HERMAN SMITH, on or about the 14th day of September, 1989, on Idaho Street, in Moscow ... did feloniously drive or was in actual physical control of a 1972 Mercedes motor vehicle, while under the influence of alcohol ...

The complaint and information charging Smith with felony DUI specified Smith's conduct on Idaho Street, and mentioned nothing about any driving on Rayburn Street. This is important because, as we stated in *State v. Ledbetter*, 118 Idaho 8, 14, 794 P.2d 278, 284 (Ct.App.1990), where acts overlap,

> [The] overlap could be avoided in a particular case if the two crimes were charged with specific reference to separate acts committed at different times, thus satisfying the "temporal" test under I.C. § 18–301. *See State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987).

*See also State v. Randles*, 115 Idaho 611, 768 P.2d 1344 (Ct.App.1989) (rev'd in part at 117 Idaho 344, 787 P.2d 1152 (1990), where the jury instruction limited the definition of "manufacturing" a controlled substance so that the crime was complete when the marijuana was cultivated and harvested. This instruction narrowed types of conduct on which a conviction for manufacturing could be based, but enabled this Court to conclude that a course of conduct was sufficiently separate in character, and clear enough in sequence, to be temporally distinguishable from the conduct supporting a conviction for possession of a controlled substance with intent to deliver. *Randles* at 616, 768 P.2d at 1349.

The single incident of Smith's driving on the night of September 14, 1989, may be analyzed into components that are sufficiently separate in character, and clear enough in sequence, to be temporally distinguishable. The driving conduct which the officer observed on Rayburn Street was inattentive in that at least twice the vehicle came close to the curb and nearly struck parked cars. This conduct was

charged as misdemeanor inattentive driving, and the offense was completed before the Idaho Street driving occurred. The next act occurred on Idaho Street and consisted of driving which displayed, in the officer's words, no unusual characteristics, and which also consisted of being in actual physical control of a motor vehicle after the vehicle had stopped. This conduct could properly be charged as DUI, for the DUI offense does not require any particular type of driving, only that a person under the influence be driving or in actual physical control of a motor vehicle. *See* I.C. § 18–8004(6); *State v. Cheney,* 116 Idaho 917, 919, 782 P.2d 40, 42 (Ct.App. 1989). When analyzed in this manner, I believe that the incident consisted of several components separated in time which could, without violating I.C. § 18–301, be separately punished.