869 P.2d 234

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Fidelmiro Vargas CASTAÑEDA,
Defendant–Appellant.**

No. 20170.

Court of Appeals of Idaho.

Jan. 27, 1994.

Raymundo G. Pena, Rupert, argued for defendant-appellant.

Larry EchoHawk, Atty. Gen.; Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael A. Henderson argued.

LANSING, Judge.

By this appeal, we are asked to determine whether Idaho's double punishment statute, I.C. § 18–301, barred prosecution of Fidelmiro Vargas Castañeda for felony DUI when he had previously pled guilty to a misdemeanor charge for fleeing an officer, where the two charges stemmed from a common sequence of events. We conclude that the DUI charge was predicated upon different acts than the charge for fleeing an officer, and therefore, prosecution for both offenses was not proscribed.

On the evening of January 29, 1992, Officer Tony Chapa of the Cassia County Sheriff's office observed Castañeda sleeping in his car. Officer Chapa awakened Castañeda, and believing Castañeda to be intoxicated, warned him not to drive. Later that evening, Officer Chapa and Officer Les Nye saw Castañeda's vehicle in the parking lot of a cafe. As they entered the cafe, they observed Castañeda leave that establishment and drive away in his vehicle. Officer Nye pursued in his patrol car and, with his emergency lights, signaled Castañeda to stop. Upon seeing the flashing lights, Castañeda increased his speed. He then stopped near his home, exited the vehicle and attempted to flee on foot. Officer Nye apprehended Castañeda and arrested him for driving under the influence of alcohol, I.C. §§ 18–8004, 8005. At the same time, the officer issued Castañeda citations for driving without privileges, I.C. § 18–8001, and for fleeing from a pursuing police vehicle, I.C. § 49–1404. The DUI was initially charged by a complaint filed in the magistrate division, but subsequently an information charging felony DUI was filed in the district court.

On March 13, 1992, Castañeda pled guilty to the misdemeanor citation for fleeing from a police vehicle. For that offense he was sentenced to serve five days in jail. The citation for driving without privileges was

dismissed the same day. Thereafter, Castañeda filed a motion to dismiss the felony DUI charge. He asserted that the DUI prosecution was barred by I.C. § 18–301 because Castañeda's conviction for fleeing from a police vehicle arose out of the same operative events that surrounded his arrest for DUI. The district court denied the motion to dismiss, and Castañeda then entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2), reserving his right to appeal the denial of his motion to dismiss.

■ On appeal Castañeda raises only one issue: Does I.C. § 18–301 bar his prosecution for driving under the influence in violation of I.C. § 18–8004,[1] when Castañeda has previously been convicted and sentenced for violating I.C. § 49–1404[2] by fleeing from a pursuing police vehicle?

Castañeda argues that dismissal of the DUI charge against him is mandated by our recent decision in *State v. Smith*, 121 Idaho 20, 822 P.2d 539 (Ct.App.1991), where we held that I.C. § 18–301 barred a subsequent prosecution for DUI after the defendant's earlier conviction for inattentive driving.

Section 18–301 provides:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

The protection afforded by this statute is broader than that created by the double jeopardy clause of the Fifth Amendment to the U.S. Constitution. The Fifth Amendment prohibits double jeopardy for the "same offense," while Section 18–301 proscribes double punishment or prosecution for the same "act or omission." Thus, in the constitutional arena the inquiry is whether the charged crimes involve separate elements, *United States v. Dixon*, 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), whereas our inquiry under I.C. § 18–301 is whether the charged crimes are based upon separate acts. *State v. Horn*, 101 Idaho 192, 610 P.2d 551 (1980); *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979); *State v. Gutke*, 25 Idaho 737, 139 P. 346 (1914); *State v. Ledbetter*, 118 Idaho 8, 794 P.2d 278 (Ct.App.1990); *Bates v. State*, 106 Idaho 395, 679 P.2d 672 (Ct.App.1984).

■ The operation of I.C. § 18–301 was explained in *State v. Smith*, 121 Idaho at 20, 822 P.2d at 542:

The applicability of section 301 depends upon whether a *separate* and *distinct* act can be established as the basis for each prosecution, regardless of whether the offenses require proof of differing elements. *State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981); *State v. Ledbetter*, 118 Idaho 8, 794 P.2d 278 (Ct.App.1990). The term "act," as defined by the statute, refers to that term in its ordinary sense, but also includes a course of conduct of such a nature as to amount to a single act, that is, a course of conduct which does not consist of divisible transactions. *Compare Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (rejecting a single-transaction test for purposes of applying former jeopardy protection contained in the fifth amendment).

In determining whether a defendant's conduct is divisible into separate, distinct events, we employ a "temporal test"—a test of time. *State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987); *State v. Chapman*, 112 Idaho 1011, 739 P.2d 310 (1987);

---

1. I.C. § 18–8004(1) provides: It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances or who has an alcohol concentration of 0.10, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

2. I.C. § 49–1404(1) provides: Any driver of a motor vehicle who wilfully flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by a peace officer may be emergency lights or siren.

*State v. Horn,* 101 Idaho 192, 610 P.2d 551 (1980); *State v. McCormick,* 100 Idaho 111, 594 P.2d 149 (1979). Under this test, if one of the offenses was completed prior to the commission of the second crime, then the two cannot be said to arise from the "same act," and the provisions of section 18–301 do not apply. (footnote omitted)

While *Smith* establishes that a single, indivisible course of conduct may not be treated as separate "acts" in applying I.C. § 18–301, still a series of events may be considered distinct acts if the acts are sufficiently separate in character and clear enough in sequence to be temporally distinguishable. *State v. Randles,* 115 Idaho 611, 615–16, 768 P.2d 1344, 1348–49 (Ct.App.1989), *rev'd on other grounds,* 117 Idaho 344, 787 P.2d 1152 (1990).

Applying these standards in the instant case, we conclude that the offenses for which Castañeda was convicted were predicated upon separate acts. When Castañeda entered his automobile, started the motor, and drove away he was "in actual physical control of a motor vehicle" while under the influence of alcohol in violation of I.C. § 18–8004(1). At that point, before the officer activated his vehicle's overhead lights, all of the acts necessary for a charge of driving under the influence were completed, while the offense of fleeing a police vehicle had not yet begun. The state could establish a prima facie case of DUI without presenting evidence of any subsequent acts or conduct by Castañeda. Thereafter, Officer Nye pursued and turned on his vehicle's overhead emergency lights, signalling Castañeda to stop. Castañeda did not stop but, instead, gained speed and attempted to flee in his automobile. The acts necessary for violation of I.C. § 49–1404 began only after the officer's emergency lights were activated. Thus, it is apparent from the record that the acts constituting a violation of I.C. § 49–1404 [3] were temporally distinct and separate from those constituting a violation of I.C. § 18–8004. Aside from the affirmative act of speeding up, Castañeda's use of his automobile to flee from the police vehicle could be sufficiently differentiated in time and sequence to make it punishable separately from the earlier act of driving under the influence.

We recognize that the DUI offense was continuing as Castañeda was fleeing from the police officer. However, this overlap of the two offenses is not fatal to the DUI charge, for the DUI prosecution was not dependent upon Castañeda's driving that occurred after Officer Nye signalled him to stop. The DUI charge could properly be predicated upon Castañeda's actions before that signal was given. The existence of that substantial, clearly identifiable period when Castañeda's actions constituted *only one* of the offenses distinguishes this case from *Smith.* In *Smith* the commission of DUI and the commission of inattentive driving were entirely simultaneous. Under the facts presented in that case, separate prosecutions were impermissible because the charges for inattentive driving and DUI "were based upon one continuous and indivisible act of driving erratically, while under the influence of alcohol." *Smith,* 121 Idaho at 24, 822 P.2d at 543. Such total simultaneity of the offenses did not occur in Castañeda's case.

Accordingly, we conclude that the district court properly denied Castañeda's motion to dismiss. The conviction for driving under the influence of alcohol is affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

**3.** Because I.C. § 49–1404(1) prohibits specified conduct only of a "driver of a motor vehicle," the charge for violating that section must be based on Castañeda's acts as a driver and not upon his subsequent flight on foot after leaving his automobile.