RLeBLANC, Judge.
In this appeal we consider whether the civil forfeiture of cash by defendant, Steven L. Dunn,[2] constitutes punishment for the purposes of double jeopardy.
PACTS
In March of 1994, the Drug Enforcement Administration (DEA) and the St. Tammany Parish Sheriffs Office cooperated in an undercover “reverse” operation. DEA agents, in contact with a confidential informant, arranged to monitor negotiations between the informant, posing as a seller, and individuals interested in purchasing a quantity of cocaine. Defendant and Tracy D. Stubbs, along with Ricky Bane and Patrick Belino, arrived at a local motel in Slidell. A surveillance camera in an adjacent motel room recorded the event which took place. After an initial meeting and some preliminary negotiations, defendant and Stubbs tested and agreed to purchase approximately 500 grams of cocaine. Dunn produced some cash, and while the informant was counting it, law enforcement officers entered the motel room and arrested defendant and Stubbs. $10,-332.00 was recovered from defendant and Stubbs.
On April 7, 1994, defendant and Stubbs, along with Bane and Belino,[3] were each charged with possession of in excess of four hundred grams of cocaine (Count 1) and conspiracy to possess with the intent to distribute cocaine (Count 2), in violation of La. R.S. 40:967F(c), 14:26, and 40:967A(1).[4] On April 11, 1994, defendant was notified by DEA of the seizure of $10,322.00 [5] in U.S. currency, Igpursuant to 21 U.S.C. § 881 et seq. The required publication followed. All of the participating agencies, DEA, the State of Louisiana and the St. Tammany Sheriffs Office, shared in the forfeiture.
The criminal prosecution continued. Before trial, defendant filed a motion to dismiss, asserting the prosecution was barred by double jeopardy. Defendant’s motion was denied, and after a trial on the merits, defendant was found guilty as charged on both counts and sentenced to fifteen years at hard labor without benefit of probation, parole or suspension of sentence on count one and ten years at hard labor on count two, with the sentences to run concurrently. Defendant was given credit for time served. Defendant has appealed, raising a single issue: whether, under the circumstances of the instant ease, a subsequent criminal prosecution is barred *1311 by the prohibition of double jeopardy after a seizure and forfeiture.
LAW AND DISCUSSION
The Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana State Constitution provide no person shall twice be placed in jeopardy for the same offense. These clauses protect against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. U.S. v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989), citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled in part on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The third of these protections — the multiple punishment issue — recognizes long standing legal jurisprudence prohibiting more than one punishment for the same offense. U.S. v. Halper, 490 U.S. at 440,109 S.Ct. at 1897.
In Halper, the Supreme Court considered the double jeopardy implication of a fine levied in a civil proceeding subsequent to the criminal conviction based on the same conduct. The Court held that under the protection against double jeopardy, a defendant already punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent the second sanction may not fairly be 1 characterized as remedial, but only as a deterrent or retribution. U.S. v. Halper, 490 U.S. at 448-49, 109 S.Ct. at 1902. A civil penalty that would impose “a sanction overwhelmingly disproportionate to the damages” caused is prohibited. U.S. v. Halper, 490 U.S. at 449, 109 S.Ct. at 1902. The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as “punishment” in the plain meaning of the word, then the defendant is entitled to an accounting of the Government’s damages. U.S. v. Halper, 490 U.S. at 449, 109 S.Ct. at 1902. These losses have been identified as the costs incurred in investigating and prosecuting the violations. See U.S. v. Halper, 490 U.S. at 439,109 S.Ct. at 1897.
The Louisiana Supreme Court, in the recent case State v. Johnson, 94-0595 and 94-1077, p. 6 (La.1/16/96), 667 So.2d 510, 513, held that, in respect to the definition of punishment “for purposes of double jeopardy”, the Louisiana State Constitution provided no greater individual rights than the Fifth Amendment of the United States Constitution and applied federal precepts when deciding the matter of forfeiture of property under the Drug Forfeiture Act. In State v. Johnson, the Supreme Court concluded that, under the federal articulated constitutional principles, a civil sanction is prohibited to the extent, and only to the extent, that it cannot fairly be characterized as remedial. State v. Johnson, 94-0595, 94-1077 at p. 11, 667 So.2d at 517. Applying this precept, the Supreme Court held the forfeiture of $976.00 and a 12-year old automobile did not violate double jeopardy protections, as it did not present that rare case where the penalty provision subjects the offender to a sanction overwhelmingly disproportionate to the damages he has caused. State v. Johnson, 94-0595, 94-1077 at p. 14, 667 So.2d at 518.
Applying this test to the facts in the instant matter, we find no violation of the double jeopardy protection. The forfeiture of $10,322.00 of U.S. currency was not overwhelmingly disproportionate to the damages caused. The undercover operation involved agents from DEA, the Louisiana State Police and the St. Tammany Parish Sheriffs Office. During the course of the operation and Isinvestigation, video camera surveillance was required and audio tape recordings were made. Numerous agents were required for continuous on-foot, visual surveillance of the four suspects. In addition, the confidential informant received over $1,200.00 as payment for his services, plus an amount for his living expenses. The forfeiture of $10,322.00 bears a rational relation to the goal of compensating the government for the costs and the risks incurred in investigating and prosecuting defendant.
*1312 CONCLUSION
Therefore, we find, under the facts of this case, the criminal prosecution subsequent to the civil forfeiture does not violate the constitutional double jeopardy prohibition of multiple punishments for the same offense. Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Tracy D. Stubbs was arrested and convicted at the same time as defendant and, in a companion appeal decided this date, State v. Stubbs, docket number 96 KA 0288, Stubbs presents the identical issue for review.

. The charges against Bane and Belino are not at issue in this appeal.

. We note a patent error in that the bill of information contained a typographical error, failing to correctly designate the conspiracy statute as La. R.S. 14:26. However, La.C.Cr.P. art. 464 provides an error in the citation of the statute a defendant is charged with violating is not grounds for reversal of a conviction if the error did not mislead the defendant to his prejudice. The error in this case was not of the type to mislead or cause defendant any prejudice.

.While testimony by law enforcement officers indicates $10,332.00 in cash was recovered, the seizure by the DEA was in the amount of $10,-322.00.