PER CURIAM.
| ¡/This application, filed by the State of Louisiana, alleges the trial court erred in granting the defendant’s motion to quash alleging double jeopardy. Nakoosha La-trey Albert filed a petition for protection from abuse in the Family Court of East Baton Rouge Parish. In response, the judge issued a temporary restraining order to restrain Charles Anthony Carter from committing further acts of abuse or threats of abuse. After an evidentiary hearing, the Family Court judge dismissed the petition for protection from abuse, noting the inconsistency of the testimony.
Subsequently, the state billed the defendant with the misdemeanor offense of simple assault (against Nakoosha Albert) with the same date of offense as the incident alleged in the petition for protection. Defendant filed a motion to quash based on double jeopardy. In the motion, defendant noted the Family Court judge found, under the facts, that a protective order should not be issued. Defendant asserted that because a judicial tribunal had already considered the facts of the case and concluded that no act of assault had been *417 committed, any prosecution in the instant case would constitute double jeopardy. After hearing argument, the trial court granted the motion. The state seeks review of that ruling in this writ application, and defendant has filed a response.
The federal and state constitutions both provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const. amend. V; La. Const. art. I, § 15. The federal and state double jeopardy provisions protect against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. State v. Dunn, 96-0289 (La.App. 1st Cir.11/8/96), 682 So.2d 1309, 1311.
In State v. Hope, 449 So.2d 633 (La.App. 1st Cir.1984), the defendant was sentenced to, and served, a ten-day jail sentence after being found guilty of |scontempt of court for violating a visitation order by not returning his child for approximately five months after what was scheduled to be a weekend visit. The defendant subsequently was charged with simple kidnapping based on the same conduct, and he filed a motion to quash urging double jeopardy. The trial court granted the defendant’s motion, finding the contempt proceeding was criminal in nature and double jeopardy applied. This Court affirmed, based on the fact the defendant actually served his jail term, which was meted out to punish him for his noncompliance with the previous orders of the court.
Herein, it is clear that the hearing on the protective order request was a civil proceeding and not a criminal prosecution. Unlike the defendant in Hope, defendant did not serve a jail term, and the hearing on the protective order request was not designed to punish him for the incident. There were only two possible outcomes of the hearing on the protective order: that an order would be granted or denied. Relator was never faced with contempt or any possibility of incarceration. Thus, although the same evidence could possibly be used to support both cases, jeopardy never attached with the civil proceeding. A trial judge’s failure to grant a preliminary injunction in a family law matter is not an acquittal.
Accordingly, the writ application is granted, the trial court’s ruling granting defendant’s motion to quash is reversed, arid this matter is remanded for further proceedings.